# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CORRINE HERRON, ) | |
| ) | |
| Plaintiff, ) | Case No. 10-01105-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| CEVA LOGISTICS U.S., INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is the Plaintiff's Motion to remand and Suggestions in Support. Docs. 7-8. The Court has reviewed this Motion in conjunction with the Defendants' Suggestions in Opposition and the Plaintiff's Reply. Docs. 12, 15. Also pending is the Defendants' Motion to dismiss a party and Suggestions in Support, the Plaintiff's Motion for extension of time to respond to that Motion, the Defendants' Suggestion in Opposition, the Plaintiff's Reply and the Plaintiff's Motion to stay all deadlines pending the Court's resolution of her Motion to Remand. Docs. 5-6, 11, 13-14, 9-10. The Plaintiff's Motion to remand is GRANTED. This case is hereby REMANDED to the Circuit Court of Clay County, Missouri.

## Background

On September 28, 2010, the Plaintiff filed suit against the Defendants—CEVA Logistics U.S., Inc. ("CEVA") and Chad Rogers—in the Circuit Court of Clay County, Missouri. Doc. 1-2. The Plaintiff alleged one count of gender discrimination in violation of the Missouri Human Rights Act ("MHRA"). On November 11, 2010, the Defendants removed the case to this Court, alleging diversity of citizenship jurisdiction. The Defendants allege that the Plaintiff is a citizen

of Kansas and that Defendant Rogers is a citizen of Missouri. Defendant CEVA alleges that it is a citizen of Florida—its principal place of business—and Delaware—its state of incorporation.

The Plaintiff was employed by CEVA from February 2005 until her termination on February 2, 2010. The Plaintiff contends that she was accused of a workplace safety violation actually committed by a male colleague and terminated by Defendant Rogers. Even if she had been responsible for the violation, the Plaintiff alleges that various male coworkers committed safety violations but were not terminated. Finally, the Plaintiff claims that her duties were given to a male employee. The Defendants removed this case despite the fact that Defendant Rogers is a forum defendant, contending that he was fraudulently joined.

**Standard**

A defendant can remove an action from state court to the federal district court "embracing the place where such action is pending" if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441(a). The federal courts have original jurisdiction over cases where there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required, meaning that no plaintiff can have the same state of citizenship as any defendant. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005). In addition, federal law prevents a forum state defendant from removing under the "forum defendant rule." 28 U.S.C. § 1441(b) (requiring that, other than in federal question cases, a case "shall be removable only if *none* of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought") (emphasis added).

"Fraudulent joinder" occurs when a plaintiff joins a defendant against whom "there exists no reasonable basis in fact and law supporting a claim…" *Menz v. New Holland North America, Inc.,* 440 F.3d 1002, 1004 (8th Cir. 2006) (citations omitted). If the Court determines that a party

has been fraudulently joined, that party's citizenship is ignored in order to prevent plaintiffs from wrongfully defeating federal jurisdiction. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983) ("Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal.") (citing *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979)).

A plaintiff cannot pursue an MHRA claim without first exhausting her administrative remedies by filing a charge of discrimination with the Missouri Commission on Human Rights ("MCHR"). Mo. Rev. Stat. § 213.075(1). The charge must be filed within 180 days of the allegedly discriminatory act and state "the name and address of the person alleged to have committed the unlawful discriminatory practice…" *Id.* Failure to name an individual in an administrative charge may preclude a civil action against that person. *See Hill v. Ford Motor Co.,* 277 S.W.3d 659, 669-79 (Mo. 2009) (citing federal case law for factors in determining whether a civil action against an unnamed party should be precluded) (quoting *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir. 1977)) (describing the factors to be considered as (1) ascertainability of the unnamed party, (2) similarity of the unnamed party's interests to the named party's, (3) prejudice to the unnamed party, and (4) "whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party"). The Court has previously applied the *Glus* factors in determining whether a party should be dismissed because the plaintiffs did not name them in their administrative charges. *See Eckerman v. KMBC-TV,* 08-00994-CV-W-DGK, Doc. 69 (W.D. Mo. July 17, 2009) (determining that the *Glus* factors weighed in favor of dismissal). However, in *Eckerman*, the defendants invoked the Court's jurisdiction on the basis of federal pre-emption, not diversity jurisdiction, and the motion to dismiss the individual defendant was therefore not dispositive of subject matter jurisdiction. *See Eckerman,* Doc. 1 at 3 (citing the federal question

statute as the basis for original jurisdiction).  This is relevant because the Eighth Circuit has stated that the "better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide."  *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 811 (8th Cir. 2003) (quoting *Iowa Pub. Svc. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 n.6 (8th Cir. 1977)).  That was not an option in *Eckerman*, because the Court had federal question jurisdiction—a fact that would not have been changed by the presence or absence of the individual defendant at issue in that case.  *See* 28 U.S.C. § 1441(b) (stating that federal question actions are removable "without regard to the citizenship of the parties").  Various judges of this Court have applied *Filla* recently to remand MHRA claims for the state courts to apply the *Glus* factors.  *See, e.g., McGhee v. Schreiber Foods, Inc.,* 10-00915-CV-W-DW, Doc. 13 (W.D. Mo. Nov. 10, 2010), *Johansen v. Union Pac. RR. Co.,* 09-01055-CV-W-REL, Doc. 25 (W.D. Mo. July 21, 2010).  The Court should determine whether "there is arguably a reasonable basis for predicting that the state law might impose liability…"  *Filla,* 336 F.3d at 811.  In doing so, the Court should "resolve all facts and ambiguities…in the plaintiff's favor" but is under "no responsibility to *definitively* settle the ambiguous question of state law."  *Id.* (emphasis in original).

**Discussion**

There does not appear to be a dispute that there is complete diversity of citizenship, and the parties agree that the amount in controversy exceeds $75,000.  But the Defendants run afoul of the forum defendant rule if Defendant Rogers was properly joined in this action, necessitating remand.  Looking to the *Glus* factors, it seems that Defendant Rogers was ascertainable at the time the Plaintiff filed her administrative charge, in that the petition alleges that he was the individual who recommended the Plaintiff's termination.  Doc. 1-2 at 4.   Furthermore, as the

Court previously recognized in *Eckerman*, an individual's interests are likely to be different from a corporation's when the individual faces the potential of personal liability. Looking to the fourth factor, there is no indication in the record that Rogers led the Plaintiff to deal with him through CEVA. Regarding prejudice, however, the Court finds that Defendant Rogers has only offered conclusory statements that he was prejudiced by being unable to participate in the administrative process.

The burden is on the Defendants as the parties seeking to invoke federal jurisdiction. *Central Iowa Power Co-op v. Midwest Ind. Transmission System Operator, Inc.,* 561 F.3d 904, 919 (8th Cir. 2009). They have not carried this burden because the Court is not convinced that the Missouri courts would *inarguably* bar suit against Defendant Rogers. Furthermore, the Court recognizes, as has another Judge of this Court, that the action may remain removable under section 1446(b)'s time limits if the Defendants are able to obtain a state court dismissal of Defendant Rogers. *Johnson v. Durham D&M, L.L.C.,* 09-00502-CV-W-HFS, Doc. 16 at 3 (W.D. Mo. Aug. 19, 2009).

**Conclusion**

Missouri law directs the Court to consider the *Glus* factors to determine if suit against a party not named in an administrative charge is barred. Eighth Circuit precedent directs the Court to remand if it is "arguably…reasonable" to predict that the Missouri courts would allow suit against Defendant Rogers to proceed. On this record, the Court cannot find that the Defendants have met this heavy burden. Accordingly, the Plaintiff's Motion to remand is GRANTED.

**IT IS SO ORDERED**

Dated: April 15, 2011              /s/ Greg Kays
                                   GREG KAYS,
                                   UNITED STATES DISTRICT JUDGE